THE COMMONWEALTH OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, EMINENT DOMAIN DIVISION, Respondent.

No. O-67-13.      Decided September 21, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda Escudero, Assistant Solicitor General,* for petitioner. *Clemente Pérez Martínez* for interveners Juan G. Nolla and his wife María A. Morell.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Act No. 13 of May 16, 1962, which created the Puerto Rico Land Administration, empowers said Administration to acquire private property and keep it in reserve for the use of the Commonwealth of Puerto Rico or its agencies. In the exercise of said power, and pursuant to the master plan provided in § 22 of Act No. 213 of May 12, 1942, as amended, which created the Puerto Rico Planning Act, the Land Administration submitted to the consideration of the Planning Board proposal No. 63-385c and said Board, through report No. 63-c-328 of April 4, 1963, approved the ambit of the Land Administration's project for the acquisition of approximately 1500 cuerdas in Arecibo, authorizing said Administration to acquire by purchase, condemnation, or any other legal manner, the land comprised within the afore-described ambit of the project. On October 17, 1963, the Planning Board approved an amendment to the ambit of the project, to authorize the Land Administration to perform segregations of any land acquired according to the ambit of the project already approved, to record the segregated properties by presenting a copy of the resolution in the corresponding Registry of Property without it being necessary to obtain the Planning Board's subsequent express approval of said segregations.

The Public Building Authority created by Act No. 56 of June 19, 1958, requested the Land Authority to acquire, through any legal means, title in fee simple of a property consisting of approximately eleven cuerdas, within the ambit of the original project for the development of a governmental center in the city of Arecibo. On September 25, 1964, the Commonwealth of Puerto Rico, represented by the Governor of Puerto Rico, upon request of the Land Administration,

filed a complaint in the Superior Court of Puerto Rico, Eminent Domain Division, to condemn 11.0843 cuerdas located in ward Hato abajo in Arecibo. By virtue of the required Declaration of Taking and after depositing the amount of $152,721 considered as the reasonable compensation, the court entered an order on September 28, 1964, granting the title in fee simple of the condemned parcel in favor of the Commonwealth of Puerto Rico.

Subsequently, within said parcel of 11.0843 cuerdas the Puerto Rico Planning Board approved the segregation of two parcels of 6.6789 cuerdas and 0.2326 cuerda for the development of the first stage of the Governmental Center of Arecibo, there remaining 4.1728 cuerdas of the condemned property. The trial court determined that since the remainder of 4.1728 cuerdas were not included in the disposal of land made by the Planning Board, said remainder should be returned to the condemned owners Juan G. Nolla and his wife María A., Morell. Contrary to the opinion of the trial court we believe that the remainder of said property should be kept in reserve under the Land Administration for public purposes. Let us see:

The law applicable to the case—Act No. 13 of May 16, 1962, which created the Puerto Rico Land Authority—in its declaration of policy states clearly that the purpose of said Act is to confront the evil created in our public development by the hoarding of land by real property speculators and declares the legislative intent to consider all *land reserve* as a public purpose in itself. To accomplish this and other public purposes, Act No. 13 creates a body corporate and politic, "which shall constitute a public corporation or government instrumentality having a juridical personality separate and apart from that of the Commonwealth of Puerto Rico, and shall be known as the Puerto Rico Land Administration." Among its rights and powers is the acquisition of property in any lawful manner and "to hold, maintain, use

and avail itself of, or utilize any real or personal property . . ." deemed by it necessary or desirable to carry out its purposes (§ 7(j)). It is to said Administration that the Puerto Rico Public Building Authority resorts and requests it to acquire with the funds of the Puerto Rico Land Administration the two parcels of land which the Authority needed.

It is true, pursuant to § 7(q) of the Act which creates the Puerto Rico Land Administration "Whenever properties or property rights are condemned for specific purposes of public-work development and social welfare, such purposes shall be carried out within a period of years which shall never exceed fifteen, from the date of acquisition" and that pursuant to § 14(g) of the same Act "In case of sale of real property acquired by condemnation and no longer useful for the purposes of this act or for the public purposes of the Commonwealth or any of its agencies, preference shall be given to the former owners of the condemned property, or in default thereof, to their forced heirs, subject to the conditions which the Administration may establish for the sale of said property" and "In no case, however, shall the administration be obliged to sell to the former owner or to his heirs at a price lower than the market value of the property in question at the time it is sold by the Administration," but that does not mean that because the public project for which the land was condemned was developed by stages, all land which is not covered by the development of the first stage of said project should be immediately returned to its former owners, or that it may not be used for some other purpose within the whole development of the Government Center of Arecibo, Puerto Rico, or for other public purposes pursuant to the authority granted by § 7(q) of Act No. 13 of 1962.

For the reasons stated the order entered by the Eminent Domain Division of the Superior Court of Puerto Rico, on December 9, 1966, in case No. E-64-1432 of said court

will be reversed, and the previous condemnation decree of September 28, 1964, remains in full force and effect.